IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01310-CMA-MEH

BRUCE BAUMANN,

      Plaintiff,

v.

FEDERAL RESERVE BANK OF KANSAS CITY, and
U.S. FEDERAL RESERVE POLICE OFFICER TROY ERICKSON,

      Defendants.

---

## STIPULATED PROTECTIVE ORDER

---

This action asserts various claims against Defendant Federal Reserve Bank of Kansas City ("Defendant FRB") and Lead Protection Officer for FRB Defendant Troy Erickson ("Defendant Erickson"). Given the nature of this action and the entities involved, the parties are likely to propound and may receive discovery requests, and solicit and receive testimony, seeking the disclosure of confidential information about: (1) Defendant FRB's current or former employees, including but not limited to personnel records; (2) non-public corporate and operational policies of a sensitive nature, including but not limited to documents related to information security or physical security at Defendant FRB; (3) bank supervision; and/or (4) operations, training and procedures related to Defendant FRB's Protection Department. Disclosure of such information may violate the privacy of third parties and employees who have not authorized public disclosure of such information, and may compromise the sensitive procedures and/or security measures of Defendant FRB. Furthermore, to the extent disclosure of

confidential supervisory information (as defined in 12 C.F.R. 261.2(c)(1)) is sought, such information is the property of the Board of Governors of the Federal Reserve System ("Board") and may not be released without the prior written approval of the Board's General Counsel.  12 C.F.R. 261.20(g) and 261.22(b).

Accordingly, upon consideration of the Parties' jointly submitted Protective Order concerning the foregoing described categories of information and documents to be disclosed during discovery, and it appearing to the Court that sufficient cause exists for the issuance of a Protective Order, it is ORDERED:

DEFINITIONS.

(a)     "Confidential Information" means and includes any information, testimony, document or thing that contains confidential or proprietary information, including but not limited to designated medical records, marketing information, personnel records, security information, corporate and operational policies, information on operations, training and procedures related to Defendant FRB's Protection Department, and private financial information, including but not limited to tax returns, financial statements, bank records, purchase and sale documents and billing records that were not previously available to the opposing party and which are produced in this action. Confidential Information may include, without limitation, testimony adduced at depositions upon oral examination pursuant to Rule 30, F.R.C.P., written responses to interrogatories pursuant to Rule 33, F.R.C.P., documents produced pursuant to Rule 34, F.R.C.P., answers to requests for admission pursuant to Rule 36, F.R.C.P., and testimony, documents and things

provided pursuant to Rule 45, F.R.C.P.  Confidential Information may include confidential information owned by a third party, so long as such information otherwise qualifies as Confidential Information hereunder.

(b)    "Providing Party" means any party to this action or any third party, expert or consultant who produces or provides any information, testimony, document or thing pursuant to formal or informal discovery in this action.

(c)    "Receiving Party" means any party to this action or any third party, expert or consultant who receives any information, testimony, document or thing in the course of formal or informal discovery in this action.

2.   <u>DESIGNATION OF CONFIDENTIAL INFORMATION</u>.

(a)    Documents and things. Each Providing Party shall label, mark or otherwise identify, in writing, documents and things that their counsel considers in good faith to contain Confidential Information or are otherwise entitled to protection under Rule 26(c)(7) F.R.C.P. with the legend "Confidential. Subject to Protective Order."

(b)    Depositions.  During or after depositions upon oral examination, if counsel for any party believes that a question or answer of any deponent (whether party, third-party, expert or otherwise) constitutes Confidential Information, counsel shall request that the specific pages that include such Confidential Information be included in a separate sealed portion of the transcript. The reporter shall include on the cover page of each sealed portion the legend: "This transcript portion contains information subject to a Protective Order and shall be used only in

accordance therewith."  When testimony designated as Confidential Information is being given during a deposition, all persons except those who are entitled to receive such Confidential Information under the terms of this Order shall be excluded from the deposition room.

(c)      Inadvertent failure to designate.  Any Providing Party who inadvertently fails to designate any information, testimony, document or thing as Confidential Information may correct such failure by giving written notice of the same to the Receiving Parties.  Upon such written notification, the corrected materials shall only be deemed Confidential Information prospectively. Substitute copies of the corrected information, testimony, document or thing, appropriately marked "Confidential" or "Confidential. Subject to Protective Order," shall be given to all Receiving Parties as soon as they become available.  Within ten (10) days of receipt of the substitute copies, the Receiving Parties shall return the previously unmarked items to the Providing Party.

3.  <u>DESIGNATED MATERIALS PRESUMED CONFIDENTIAL</u>.  All information, testimony, documents and things designated by a Providing Party as Confidential Information shall be treated in all respects as though it in fact constitutes or contains Confidential Information, unless and until the court rules otherwise or the Providing Party agrees otherwise.

4.  <u>RESTRICTIONS ON DISCLOSURE AND ACCESS</u>.

(a)      Except as provided below, all Receiving Parties with respect to any particular Confidential Information shall take reasonable steps to ensure that no persons

obtain such Confidential Information and that no persons have access to such Confidential Information, except:

(i)     Employees of the Receiving Party who have a specific need to know the Confidential Information in order to conduct this action;

(ii)    The attorneys of record for the Receiving Party, and all other attorneys and support personnel in the law firms of record in this action who must have access to the Confidential Information in connection with this action;

(iii)   The Court and those employed by the Court, in which event such information shall be filed under seal (and kept under seal until further order of the Court) as provided in paragraph 4(e);

(iv)    Court reporters employed by any party in this action; and

(v)     Independent experts, consultants or translators for the Parties, including their support personnel, whose advice and consultation are being used or will be used by such Receiving Party in connection with this action.

(b)     In addition to the above, a Receiving Party may not disclose Confidential Information to a non-party without full written consent of all counsel.  Upon full and written consent, if the non-party is referred to or referenced in the Confidential Information, or counsel in good faith believes the non-party may have knowledge of relevant facts, or of facts that may lead to the discovery of admissible evidence, relating to the Confidential Information, or if the non-party will be a witness at trial in this matter and disclosure of Confidential Information is necessary for preparation and completeness of that person's testimony.

(c)     Counsel for a party disclosing or allowing access to Confidential Information under this paragraph shall advise the person receiving such Confidential Information (other than the persons identified in Paragraph 4(a)(iii)) of the terms of this Protective Order.  Before disclosing any Confidential Information to any person identified in Paragraph 4(a)(v) or Paragraph 4(b), counsel for the party disclosing or allowing access to such Confidential Information shall, in addition to advising the person receiving such Confidential Information of the terms of this Protective Order, provide the person with a copy of this Protective Order and shall obtain the person's written acknowledgement and agreement, in the form attached hereto as Exhibit A, to abide by the terms of Protective Order.

(d)     Except for this action, the parties agree that if a party is required by law or order of governmental or judicial body to release Confidential Information produced by another party or third party as to which it obtained access pursuant to the provisions of this Protective Order, the party so required shall notify the Providing Party or third party in writing within three (3) working days or receipt of actual notice or within three (3) working days of the determination that the Confidential Information is to be released or within three (3) working days prior to such release, whichever is soonest, to permit the Providing Party or third party to contest the release.

(e)     All materials designated as Confidential Information that are filed with the Court, and any pleading, motion or other papers filed with the Court containing or disclosing such information, shall be filed and kept under seal until further order

of the Court; provided, however, that such information shall be available to the Court and other persons to whom Confidential Information may be disclosed in accordance with paragraph 4 of this Order.

(f)     The parties acknowledge the applicability of Rule 502 of the Federal Rules of Evidence to this action.  The parties further agree that documents containing privileged information or trial-preparation material shall be immediately returned if the documents appear on their face to have been inadvertently produced.  Other produced materials which the Producing Party claims are privileged or protected as trial-preparation materials shall be returned by the opposing party immediately or, if there is a disagreement regarding the privilege or protection, shall be segregated and maintained confidentially by the receiving party until the Court rules on the Providing Party's claim regarding the privilege or protection.

(g)     Both parties and counsel agree that Confidential Information or information relating to the underlying claims and defenses in this litigation shall not be provided or released to the media or the public, including but not limited to, electronic or print media, television, radio, and/or blogs or any other internet sites.

(h)     This Order shall not be deemed to limit or restrict any Providing Party's disclosure or use of its own Confidential Information, except for the limitations and restrictions required by paragraph 4(g) of this Order.

5.     RESTRICTIONS ON USE.  Notwithstanding the provisions of paragraph 4(g), the parties have stipulated that every person who obtains Confidential Information is prohibited from

using or reproducing such Confidential Information for any purpose whatsoever, other than to assist in the conduct of this litigation.

6. <u>OBJECTIONS PRESERVED</u>.  Nothing in this Order shall require the disclosure of information, testimony, documents or things that are otherwise not subject to discovery, are privileged or constitute attorney work product. Nothing in this Order shall prejudice any objections that any party might have regarding the production of any information, testimony, documents or things, other than objections based upon claims of trade secret or confidentiality. Nothing in this Order shall be construed as an agreement that any Confidential Information shall be excluded from evidence in this action.

7. <u>MECHANISM FOR CHALLENGING DESIGNATION</u>.  Any party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential Information to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Order.  If such a motion is timely filed, the disputed information shall be treated as Confidential Information under the terms of this Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential Information and shall not thereafter be treated as Confidential Information in accordance with this Order.  In connection with a motion filed under this provision, the party

designating the information as Confidential Information shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential Information.

8. <u>PARTIES' CLAIMS AND DEFENSES</u>.  Either party's designation of documents or testimony as "Confidential. Subject to Protective Order" under this Protective Order and either party's failure to object to or make such designation will not be admissible in evidence, as a party admission or otherwise, to prove any fact relevant to any claim or defense asserted in this action.

9. <u>SURVIVAL</u>.   The confidentiality provisions of this Order shall survive any settlement, judgment or other disposition or conclusion of this action, and all appeals therefrom. After final resolution of this action and within thirty (30) days following a written request by the designating party, all Confidential Information, documents, and reproductions thereof shall be: either (a) returned to counsel for the party who provided the information; or (b) destroyed, and counsel for the party receiving the information shall sign a certification attesting to such destruction.  This return or destruction rule shall not apply to Court personnel.   The parties may seek leave to re-open the case to enforce the provisions of this Protective Order.

10. <u>MODIFICATION.</u>  Any party, and any third party with a legally cognizable interest in this Order, may apply to the Court at any time for a modification of this Order for good cause shown.  This Order can be modified only by written agreement approved by the Court or by Order of the Court.  Each party reserves the right to object to any party's motion or request to modify this Protective Order.  Any person may move the Court for additional protective orders with respect to any information, testimony, document or thing, in accordance with Rule 26 of the Federal Rules of Civil Procedure.

11.    <u>BOARD INFORMATION.</u>   To the extent disclosure of confidential supervisory information (as defined in 12 C.F.R. 261.2(c)(1)),  is sought, such information is the property of the Board, and may not be released without the prior written approval of the Board's General Counsel.  12 C.F.R. 261.20(g) and 261.22(b).  The parties agree that a separate protective order may be required prior to the release of confidential supervisory information or other information belonging to the Board, and agree that if an additional protective order is required, no information belonging to the Board will be released prior to the entry of such order.

12.    <u>ATTORNEY'S FEES.</u>   The parties and counsel agree that in the event of any violation of this Protective Order, the non-violating Party is entitled to his or its attorney's fees incurred as a result of the violation of the Protective Order.

ORDERED this 1st day of October, 2012, in Denver, Colorado.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge

**ATTACHMENT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____, 2012, in the above-captioned action, (*Bruce Baumann v. Federal Reserve Bank of Kansas City, et al.,* Civil Action No. 12-cv-01310-CMA-MEH, pending in the United States District Court for the District of Colorado) a copy of which is attached to this Acknowledgment and Agreement.  The undersigned understands the terms of the Protective Order and agrees to be bound by its terms.  The undersigned submits to the jurisdiction of the United States District Court of Colorado in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use documents designated "CONFIDENTIAL" in accordance with the Protective Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived from such documents to any other person, firm, or concern.

The undersigned acknowledges that violation of the Protective Order issued in this action may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Address: _____

Date: _____          Signature: _____